IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OLUWASHINA KAZEEM AHMED-AL-KHALIFA, a/k/a Mark Ayilla Oluwashina-Ahmed, <br><br> Plaintiff, <br><br> v. <br><br> KEY FOOD CO-OPERATIVE, INC., ATLANTA POLICE DEPARTMENT, and DISTRICT ATTORNEY STATE OF GEORGIA, <br><br> Defendants. | CIVIL ACTION NO. 1:13-CV-01244-RWS |

## **ORDER**

This case comes before the Court for review of Plaintiff's Complaint [3] for frivolity and on Plaintiff's Motion for Appointment of Counsel [4]. After reviewing the record, the Court enters the following order.

## **Background**

This case arises out of the circumstances of Plaintiff's arrest, which stemmed from an incident in a grocery store owned and operated by Defendant Key Food Co-Operative, Inc. ("Key Food"). According to Atlanta Police

AO 72A
(Rev.8/82)

Department ("APD") records, Plaintiff was arrested on February 14, 1997, for apparently attempting to buy goods with a stolen credit card and for causing property damage to Key Food's grocery store. (Compl., Dkt. [3] at 5 of 14.) Plaintiff stated that he entered Key Food's store on the aforementioned date, attempted to purchase items with his credit card, and was told by the cashier that he needed a driver's license that matched his credit card for a purchase of over $100.00. (Id.) Plaintiff states that he responded to the cashier by stating his driver's license was in his car, to which the cashier responded by telling Plaintiff that he would have to leave his credit card in the store in order for his purchase not to be voided. (Id.) Plaintiff states that he responded by telling the cashier to void his purchase because he did not want to leave his credit card in the store, and by stating that he would buy the groceries at a different store in the shopping center. (Id.) Plaintiff goes on to state that, because it was raining, he started to run from Key Food's store to another but was subsequently forcibly detained and taken back to Key Food's store by employees of Key Food. (Id.) Plaintiff argues that this amounted to false, or unlawful, imprisonment by Key Food's employees. (Id.) Plaintiff acknowledges that at this point he kicked Key Food's wall, causing property damage. (Id.)

2

AO 72A
(Rev.8/82)

Plaintiff states that when officers of the APD arrived at the scene he was arrested, and he alleges that the APD officers did not read him his Miranda rights or advise him of his right to counsel. (Id.) Plaintiff further states that he was found not guilty in the jury trial that was the culmination of this incident. (Id. at 6 of 14.)

Plaintiff initiated the instant litigation by filing a complaint with the United States District Court for the Northern District of Georgia in forma pauperis on April 15, 2013. (Id. at 1 of 14.) Plaintiff appears to assert a claim for false imprisonment against Defendant Key Food, a claim for violation of his Fifth Amendment rights against Defendant APD, and a claim for malicious prosecution against "District Attorney State of Georgia." (See generally id.) Plaintiff appears to be seeking only monetary damages in this action. (Id. at 13 of 14.) The Court now sets out the legal standard governing frivolity for plaintiffs proceeding in forma pauperis before reviewing Plaintiff's claims.

## Discussion

I.  **Legal Standard**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or

3

malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carrol v. Gross, 984 F.2d 393, 393 (11th Cir. 1993).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Because Plaintiff is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).

4

**II.     Analysis**

After reviewing the record, the Court finds Plaintiff's Complaint due to be **DISMISSED**.  The statute of limitations on Plaintiff's claims has at this time run.  O.C.G.A. § 9-3-33, which sets forth the statute of limitations for causes of action for personal injury, states "[a]ctions for injuries to the person shall be brought within two years after the right of action accrues[.]"  Plaintiff is asserting claims against Defendants for actions that occurred nearly fifteen years ago.  Regardless of the merits of Plaintiff's claims, they must be dismissed for not having been brought within the time period set forth by statute.

As to Plaintiff's claim against Key Food, Plaintiff states the alleged false imprisonment occurred during the incident that lead to his arrest on February 14, 1997.  (Compl., Dkt. [3] at 5 of 14.)  Plaintiff did not file the instant claim against Key Food until April 15, 2013.  Therefore, the statute of limitations on Plaintiff's false imprisonment cause of action has run, and Plaintiff cannot state a claim against Defendants as a matter of law.  Accordingly, Plaintiff's claim against Key Food is due to be **DISMISSED**.

5

Plaintiff's claim against the defendant styled "District Attorney State of Georgia" is similarly deficient.  In Georgia, claims of malicious prosecution are pursued under O.C.G.A. § 51-7-40, which states, in full, "[a] criminal prosecution which is carried on maliciously and without any probable cause and which causes damage to the person prosecuted shall give him a cause of action."  Based on the plain language of the statute, this is a cause of action for injury to a person.  Accordingly, claims brought under § 51-7-40 are governed by § 9-3-33, which sets the statute of limitations at two years.  Again, Plaintiff waited fifteen years to bring the instant claim.  Therefore, as the statute of limitations had run almost thirteen years ago, Plaintiff cannot state a claim against Defendant styled "District Attorney State of Georgia" as a matter of law.  Accordingly, Plaintiff's claim is due to be **DISMISSED**.

To the extent Plaintiff is attempting to bring a private cause of action for monetary damages against APD for failing to properly read Plaintiff his rights, "failing to follow Miranda procedures triggers the prophylactic protection of the exclusion of evidence, but does not violate any substantive Fifth Amendment right such that a cause of action for money damages under § 1983 is created." Jones v. Cannon, 174 F.3d 1271, 1291 (11th Cir. 1999).  Accordingly, Plaintiff

6

has not stated a claim against APD upon which relief may be granted, and Plaintiff's claims against APD are due to be **DISMISSED**.

## Conclusion

In accordance with the foregoing, Plaintiff's Complaint [3] is **DISMISSED**, and Plaintiff's Motion for Appointment of Counsel [4] is **DENIED AS MOOT**. The Clerk is **DIRECTED** to close this action.

**SO ORDERED**, this   1st   day of August, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE